IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GERALD E. BROCKINGTON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:14-CV-38 (MTT) |
| ) | |
| GEORGIA DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Before the Court is the Recommendation of Magistrate Judge Charles H. Weigle (Doc. 5) on the Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Doc. 1). After reviewing the complaint pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommends that Defendants Georgia Department of Corrections ("GDOC") and Warden Gregory McLaughlin be dismissed.  The Magistrate Judge found that the Plaintiff's claims against the GDOC are barred by the Eleventh Amendment and that the Plaintiff made no specific allegations showing Warden McLaughlin was personally involved in the acts in question.  The Plaintiff has objected to the Recommendation. (Doc. 7).  The Court has considered the objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Plaintiff objects to the dismissal of Defendants GDOC and Warden McLaughlin, contending they have a duty to him because he is a prisoner in their care. As to the GDOC, the Court agrees with the Recommendation that the Eleventh Amendment bars the Plaintiff's claims.  As to Warden McLaughlin, the Plaintiff's

contentions in his objection are still insufficient to show liability.  Because there is no vicarious liability under § 1983, the Plaintiff must show that a supervisor personally participated in the alleged constitutional violation or that there was a causal connection between the supervisor's actions and the alleged constitutional deprivation.  *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).  The Plaintiff alleges Warden McLaughlin "knew of camera footage and has been aware of other assault as well."  (Doc. 7 at 1).  Though the causal connection between the supervisor's actions and the alleged deprivation of constitutional rights can be met by showing a history of widespread abuse put the supervisor on notice of a need to correct the deprivations, the Plaintiff's vague allegations do not rise to this level.  *See Hartley*, 193 F.3d at 1269 ("The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." (internal quotation marks and citation omitted)).

The Court has reviewed the Recommendation and the Plaintiff's objection, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this Court.  Accordingly, the GDOC and Warden McLaughlin are **DISMISSED** from this action.  The Plaintiff's claims against Defendant Joseph Stanco shall be allowed to go forward.

**SO ORDERED,** this 26th day of March, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT